# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GURPREET MICHAEL SINGH,**
**A# 065-998-045,**

    **Petitioner,**

vs.                                         Case No. 4:20cv345-WS-MAF

**WILLIAM BARR, et al.,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

    The pro se Petitioner initiated this case on July 6, 2020, by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Ruling must be deferred on Petitioner's in forma pauperis motion.

    The petition, ECF No. 1, asserts that Petitioner is a native and citizen of India who has been held in detention by ICE since September 24, 2019. ECF No. 1 at 2. Petitioner was ordered removed on October 2, 2019. *Id.* Petitioner has demonstrated a prima facie case for relief as the petition

alleges that "there is no significant likelihood of removal in the reasonably foreseeable future . . . ."  Id. at 4.

Although the petition is generally sufficient for service, this case must be transferred because Petitioner is detained at the Baker County Detention Facility.  ECF No. 1 at 2.  Baker County is not within the territorial jurisdiction of this Court; it is within the jurisdiction of the Middle District of Florida.  Thus, because Petitioner is not detained within the Northern District of Florida, this case cannot proceed in this Court.

Generally, the proper defendant in a habeas case is the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or detained at the time he files the habeas petition.[1]  Rumsfeld v. Padilla,[2] 542 U.S. 426, 439, 124 S.Ct. 2711, 159

---

[1] Padilla rejected the view that in "cases involving prisoners detained for 'other than federal criminal violations,'" a proper respondent may be "the person exercising the 'legal reality of control' over the petitioner . . . ."  542 U.S. at 437, 124 S. Ct. at 2719.

[2] Padilla does not alter the well-settled rule that if a district court properly acquires jurisdiction when the case was filed, then the petitioner's subsequent removal to another judicial district does not destroy the court's jurisdiction.  542 U.S. at 440, 124 S.Ct. at 2721 (relying on Ex parte Endo, 323 U.S. 283, 306, 65 S. Ct. 208, 89 L. Ed. 243 (1944) (holding that despite the Japanese-American citizen's removal from the district court's territorial jurisdiction, a respondent who resided in the district could appropriately execute the writ)).  Indeed, the Supreme Court reiterated the simple and consistently applied rule that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  Padilla, 542 U.S. at 447, 124 S.Ct. at 2724.  Thus, "when the Government moves a habeas petitioner after [he] properly files

L.Ed.2d 513 (2004); see also Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Petitioner named "Jared Miller" in "his official capacity as the officer in charge at the Baker County Sheriff's Office in Macclenny, Florida" as a Respondent. That official may, or may not, be the warden of the Baker County Detention Facility. Nevertheless, it is clear that Petitioner is not confined within the Northern District of Florida. "Only a court inside the district where the prisoner is confined has jurisdiction to grant relief pursuant to a § 2241 petition." United States v. Saldana, 273 F. App'x 845, 846 (11th Cir. 2008) (holding that because none of the petitioners were confined in the Southern District of Florida, that "district court lacked jurisdiction to consider their § 2241 petitions."). In the interest of justice, this case should be transferred to the Jacksonville Division of the Middle District of Florida, the jurisdiction in which Petitioner is detained.

---

a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." 542 U.S. at 440-41, 124 S. Ct. at 2721 (explaining Endo, supra).

Case No. 4:20cv345-WS-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, ECF No. 1, filed under 28 U.S.C. § 2241 be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings, and the Clerk of Court be directed to **CLOSE** this case.

**IN CHAMBERS** at Tallahassee, Florida, on July 10, 2020.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:20cv345-WS-MAF