UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GURPREET MICHAEL SINGH,

    Petitioner,

v().    Case No. 3:20-cv-899-TJC-MCR

MERRICK GARLAND,[1]
et al.,

    Respondents.

## ORDER

Petitioner, Gurpreet Singh, a native and citizen of India, initiated this action on July 1, 2020, by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the Northern District of Florida. See Doc. 1. Thereafter, the Honorable William Stafford, Senior United States District Judge, transferred the Petition to this Court. See Doc. 5. Petitioner contends that the United States Department of Homeland Security, Immigration and

---

[1] Petitioner sues William Barr in his official capacity as United States Attorney General and John Kelly in his official capacity as Secretary of the Department of Homeland Security, positions they no longer hold. Merrick Garland is the current United States Attorney General and Alejandro Mayorkas is the current Secretary of DHS. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Merrick Garland and Alejandro Mayorkas are substituted as the proper party Respondents. The **Clerk** is directed to make the appropriate entries on the docket to reflect the substitutions.

Customs Enforcement (ICE) has unlawfully detained him longer than the reasonable post-removal period. See Doc. 1 at 1-3 (citing Zadvydas v. Davis, 533 U.S. 678 (2001)). He states ICE took him into custody on September 24, 2019, and an immigration judge entered an order of removal on October 2, 2019. Id. at 3. He further asserts that his 180-day reasonable post-removal-detention period ended on April 21, 2020. Id. at 6. According to Petitioner, because there is no significant likelihood of his deportation or removal in the foreseeable future, due process principles mandate that he be released under supervision. Id. at 4-7.

On November 17, 2020, Respondents filed a Motion to Dismiss arguing that Petitioner prematurely initiated this action. Doc. 11. They do not contest that on September 24, 2019, ICE took custody of Petitioner, and that an immigration judge entered a removal order on October 2, 2019. Id. at 2. According to Respondents, however, Petitioner appealed the October 2, 2019, removal order, and on June 22, 2020, the Board of Immigration Appeals (BIA) "remanded the case back to the immigration judge to prepare a full decision and return the record back to the BIA for further review." Id. at 2. They assert that the immigration judge complied with the BIA's directive and issued a second removal order on July 9, 2020, which Petitioner again appealed. Id. (citing Doc. 11-3 at 2). According to Respondents, the BIA is still reviewing the July 9, 2020, removal order. Doc. 11 at 2. They argue that because the removal period will

2

begin on the date that the BIA resolves Petitioner's pending appeal, this action is premature and should be dismissed.[2] Id. at 4.

Respondents are correct that for immigration detainees who are not incarcerated pursuant to a criminal judgment and sentence,[3] the detainee's "removal period" begins on the later of either the date on which the order of removal becomes administratively final, or the date of the final order of a reviewing court. See 8 U.S.C. § 1231(a)(1)(B); see also 8 C.F.R. § 1241.1(a)-(f) (outlining the procedural circumstances that render a removal order final). At the time Petitioner initiated this action and when Respondents filed their Motion, the BIA had not yet issued a decision in Petitioner's appeal of the immigration judge's removal order. See Doc. 11-3 at 2. However, a review of the BIA's website shows that on December 7, 2020, the BIA dismissed Petitioner's appeal. See Executive Office for Immigration Review, Automated Case Information (available at www.justice.gov/eoir/board-of-immigration-appeals last visited Apr. 6, 2021). As such, Petitioner's order of removal became final

---

[2] Petitioner was given an opportunity to file a reply to Respondents' Motion, but he declined to do so.

[3] The Court notes that on September 5, 2019, a few days before ICE took custody of him, Petitioner was convicted of two state court crimes and sentenced to two probationary terms. See Doc. 11-2. Although the Attorney General typically may not remove an alien serving a criminal sentence of incarceration, a probationary sentence "is not a reason to defer removal." See 8 U.S.C. § 1231(a)(4)(A). Thus, the finalization of Petitioner's removal order is likely unaffected by his probationary sentences.

3

and his "removal period" began on December 7, 2020. See 8 C.F.R. § 1241.1(a) ("An order of removal made by an immigration judge . . . shall become final [] "[u]pon dismissal of an appeal by the Board of Immigration Appeals. . . .").

Although the finalization of Petitioner's removal order may deem Respondents' underlying argument moot, the Court finds that the Petition is still due to be dismissed as premature. After an order of removal is final, ICE is required to make every effort to remove the alien within a reasonable time. Zadvydas, 533 U.S. at 701. In Zadvydas, the Supreme Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. As such, "[a] six-month custodial period of time following the order of removal must have elapsed **prior to** the filing of a habeas petition challenging confinement under Zadvydas." Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1363 (N.D. Ga. 2002) (citing Akinwale v. Ashcroft, 287 F.3d 1050, 1052 and n.3 (11th Cir. 2002)) (emphasis added). See also Aleman v. Jeff Sessions, No. 3:18-cv-1129-J-32JBT (M.D. Fla. Sept. 24, 2018); Metellus v. Holder, No. 3:11-cv-372-J-34JBT, 2011 WL 1740187, at *1 (M.D. Fla. May 5, 2011) (recognizing Eleventh Circuit determined six-month period must have expired at time the petition raising Zadvydas claim is filed).

Approximately four months have elapsed since Petitioner's order of removal became final. Therefore, Petitioner's request for relief is premature. If

Petitioner remains in ICE custody after June 7, 2021, he can file a Petition for Writ of Habeas Corpus at that time.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED without prejudice** as prematurely filed.

2. Respondents' Motion to Dismiss (Doc. 11) is **DENIED as moot.**

3. The Clerk of Court shall enter judgment accordingly and close this case.

3. If Petitioner appeals the dismissal of the case, this Court denies a certificate of appealability.[4] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper. Such termination shall serve as a denial of the motion.

---

[4] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of April, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:   Gurpreet Michael Singh, A# 065-998-045
     Counsel of record

6